IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TROY BOYD JACKSON,** | ) | Civil Action No. 7:13-cv-00065 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| **SOUTWEST REGIONAL JAIL** | ) | By: Hon. Michael F. Urbanski |
| **AUTH ABG/DUFFIED,** | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has submitted a letter to the court alleging that he is endangered by three buckets containing swabs with dried blood and lancets set out to catch water dripping from a leaky roof and asking for court intervention. The court **CONSTRUES** plaintiff's submission (Docket No. 17) as a motion for interlocutory injunctive relief. Upon review of the record, the court concludes plaintiff's motion must be denied.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[1] the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A showing of a "strong possibility of harm is insufficient because the standard requires a showing that harm is "likely." Id. at 22. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

by, remanded by, cert. granted, 130 S.Ct. 2371 (2010) reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

In support of his motion for interlocutory injunctive relief, plaintiff states that, at the Southwest Virginia Regional Jail – Abingdon, whenever it rains, the ceiling leaks. He alleges that medical staff has set out three containers to catch the dripping water. The containers contain swabs with dried blood and lancets and when the water drips from the ceiling, contaminated water splashes onto the floor. Plaintiff states his concerns have been ignored by jail officials.

Plaintiff's allegations fail to demonstrate that he will suffer any irreparable harm in the absence of court intervention. Plaintiff does not state that he has suffered any injury or infection as a result of the allegedly contaminated containers. Moreover, plaintiff does not allege where the containers are located or how often he is in their proximity. While plaintiff states he "had to go to medical" on April 5, 2013, he does not identify any symptoms of illness or injury, or indicate any resulting treatment or diagnosis. Plaintiff does not even state that his visit to medical was related to the allegedly contaminated containers.

Plaintiff thus fails to satisfy all four elements of the Winter test, so as to warrant the interlocutory relief he seeks. Accordingly, the court will deny plaintiff's motions for interlocutory injunctive relief.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

Entered: April 16, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge