# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TROY BOYD JACKSON, | ) | Civil Action No. 7:13-cv-00065 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST REGIONAL JAIL | ) | |
| AUTH ABG/DUFFIELD, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Troy Boyd Jackson, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the "Southwest Regional Jail Auth ABG/Duffield" as the sole defendant. On May 10, 2013, defendant filed a motion to dismiss for failing to state a claim upon which relief may be granted. On May 13, 2013, the Clerk issued a Notice that advised plaintiff that a motion to dismiss was filed on May 10, 2013, and that plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

Notice (ECF no. 23) (original emphasis). On May 20, 2013, the court received both the Notice returned as undeliverable and plaintiff's new address after his transfer to another correctional facility. The Clerk's Office resent the Notice to plaintiff's new address on May 20, 2013, but plaintiff still did not respond.

Pursuant to the Notices sent on May 13 and 20, 2013, the court finds that plaintiff has lost interest in prosecuting this case. Accordingly, this action is dismissed without prejudice for

plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and defendant's motion to dismiss is dismissed as moot.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

Entered: July 19, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge